Argued and submitted July 14, affirmed on appeal and cross-appeal
September 15, 1999

STATE ex rel Dan BRAMMER
and Larry Grames,
*Appellants - Cross-Respondents,*

*v.*

The CITY OF STAYTON,
a municipal corporation of the State of Oregon,
and the Stayton City Council,
the duly elected city council of the City of Stayton,
*Respondents - Cross-Appellants.*

(96C-12041; CA A101017)

986 P2d 1188

Donald M. Kelley argued the cause for appellants - cross-respondents. With him on the briefs was Kelley & Kelley.

Wendie L. Kellington argued the cause for respondents - cross-appellants. With her on the briefs were Karen O'Kasey and Schwabe, Williamson & Wyatt.

David J. Hunnicutt filed the brief *amicus curiae* for Oregonians in Action Legal Center.

Before Linder, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

DEITS, C. J.

## DEITS, C. J.

Relators Brammer and Grames appeal, and defendants City of Stayton and its governing body cross-appeal from a judgment denying mandamus relief and awarding defendants attorney fees in this action under ORS 227.178(7). We affirm.

Relators applied to the city for approval of a planned unit development. The 120-day period that ORS 227.178(1) allows for a final city decision on the application was extended by 30 days pursuant to ORS 227.178(4). After the extended period had run, and no final city decision had been made, relators brought this mandamus action in Marion County Circuit Court. The trial court granted defendants' motion for summary judgment. Although the trial court rejected defendants' arguments to the effect that the 120-day requirement did not apply to this application and that the city had not violated the requirement, the court refused the mandamus remedy sought by relators. The trial court's refusal was based on the alternative grounds that relators' inequitable actions foreclosed them from relief and that defendants had shown that the approval of the application "would violate a substantive provision of the city comprehensive plan or land use regulations," ORS 227.178(7)(b), because the application did not provide for necessary access to the development.

The trial court entered judgment for defendants and awarded attorney fees under ORS 34.210 and ORS 20.075. However, the court allowed only half of the attorney fees that defendants sought because, although they had prevailed in the action, they were "remiss for failing to abide by the 120-day rule in the first instance."

In their first two assignments of error, relators challenge the respective alternative grounds on which the trial court denied mandamus relief. The first assignment is directed at the trial court's conclusion, explained in its letter opinion:

> "[W]e conclude that the City has shown cause, as a matter of law, in the Final Order issued on June 17th, that the problems relating to access are a sufficient basis for denial:

" 'As previously found and conceded, access to the site is legally insufficient to meet the requirements of this code. The insufficiency applies both to the access point to the development (30-40´ easement through the water treatment plant) and access to the townhouse units (none provided for on plan for development inside the city limits).'

"We do not accept the argument that the code does not require access because it only establishes dimensional street standards. Streets are a necessary prerequisite for street standards. The code both requires access and that access roads be of a certain dimension. Accordingly, we find that defendants have carried their burden of showing cause why an approval should not issue." (Cites to record omitted.)

We agree with the trial court's reasoning and conclusion that defendants demonstrated that the granting of the application would violate the city's land use regulations. Because defendants prevailed on that absolute defense, *see* ORS 227.178(7)(b), we need not consider the alternative basis for the trial court's decision on the merits or relators' assignment of error challenging it.

■ Relators make two additional assignments. Their first is that the court erred in refusing to award relators attorney fees and costs based on defendants' refusal to admit the truth of matters requested pursuant to ORCP 45. That argument is without merit and requires no discussion. In the other assignment, relators contend that attorney fees are not recoverable in mandamus actions under ORS 215.428(7) and ORS 227.178(7). We rejected the same argument in *State ex rel Coastal Management v. Washington Cty.*, 159 Or App 533, 543, 979 P2d 300 (1999), and the cases cited there. We do so again.

Defendants' *only* assignment of error in their cross-appeal is that the trial court was mistaken in its conclusion that the 120-day limit of ORS 227.178(1), as extended, was applicable to the application and "was exceeded by the City." Assuming that defendants are correct in so asserting, their assignment on cross-appeal presents nothing except an alternative basis for reaching the same result that follows from

the failure of relators' assignments on appeal. Defendants explain, however:

"The court reduced the city's attorney fee award by half, based on its mistaken view that the 120-day period applied and expired before a final decision was adopted. * * * Accordingly, reversal of [the assigned] aspect of the circuit court's decision will result in the circuit court's consideration of the city's entire request for fees[.]"

Relators point out that defendants have made no assignment of error concerning the attorney fee award. Relators contend that defendants are not entitled to obtain what amounts to an appellate remand of the award to which they have not assigned error through the indirect route of an assignment of error which challenges an ostensibly related ruling on the merits but which, in itself, is academic in light of our disposition of the appeal. We agree with relators. The ruling on attorney fees and the substantive rulings that the city challenges are separate and discrete. Given defendants' failure to assign error to the award of attorney fees, no appellate relief on that issue may be considered. Moreover, no other issues requiring decision are presented by the cross-appeal.

Affirmed on appeal and cross-appeal.